COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-456-CR

 

 

GERARDO GUERRERO                                                          APPELLANT

 

                                                      V.

 

STATE OF TEXAS                                                                       STATE

 

                                                  ------------

 

             FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

 

Appellant Gerardo Guerrero entered an open plea of guilty
to aggravated robbery.  The trial court assessed his punishment at seven years= confinement.








Guerrero=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  Counsel=s brief and motion
meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Guerrero was given the opportunity to file a pro se brief, but he did
not do so.[3]

As the reviewing court, we must conduct an independent
evaluation of the record to determine whether counsel is correct in determining
that the appeal is frivolous.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995,
no pet.).  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because Guerrero entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Guerrero=s plea, error that
is not independent of and supports the judgment of guilt, and error occurring
after entry of the guilty plea.  See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v.
State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000).








We have carefully reviewed the record and counsel=s brief.  We agree with counsel that this appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex. Crim. App.
2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App.
2006).  We therefore grant counsel=s motion to
withdraw and affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON, DAUPHINOT, and
WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
December 4, 2008











[1]See Tex.
R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).





[3]Guerrero filed a letter response
that fails to raise any issue or point on appeal.